Richard Juskalian
vs. Eq. No. 9429.
Harry K. Nahigian

January 13, 1930.

WALSH, J. This is a petition to establish a mechanic's lien. The present petitioner was a contractor under oral contract to furnish plumbing and steam fitting to respondent in the 24-apartment house at 23 Tobey Street, Providence, upon a cost plus 10 per cent basis. There is no itemized account of work, labor and materials furnished either in the commencement of process or upon hearing before us. The proof introduced was fragmentary, conjectural and indefinite. The sums claimed were not agreed upon or fixed but must have been the result of computation. The elements of this computation were the subject of an account which should have been given. The number of days' work, when performed, material delivered, price or prices charged should appear.

*McPherson* vs. *Greenwell*, 27 R. I. 178.

The petition and proof do not set forth the particulars of the complainant's demand as required by statute.

Petition denied and dismissed.

For petitioner: Dickran Boyajian.

For respondent: John A. Tillinghast and Huddy & Moulton.

---

Standard Grocery Company
vs. No. 80360.
Abe V. Flink et al.

January 13, 1930.

HAHN, J. After verdict for the defendants, heard on plaintiff's motion for a new trial based on the grounds that the verdict is against the law and the evidence and the weight thereof, and the discovery of new and material evidence.

This action is for the purchase price of a certain shipment of prunes from plaintiff, a Massachusetts corporation, to defendants' a co-partnership, it being claimed by defendants that said prunes were not of marketable quality. The defendants purchased the prunes for the Great Atlantic & Pacific Tea Company and had them shipped directly through from the defendants' place of business in Providence to the storehouse of the former, who paid de-

fendants for the prunes and, after selling a few boxes, claimed that they were not of a good quality and returned the balance to the defendants, who shipped ten boxes to the plaintiff in Boston for examination as to quality and retained the rest of the shipment subject to plaintiff's order, after paying plaintiff for such as the Great Atlantic & Pacific Tea Company had used and repaying to the latter the price paid by them for the prunes returned.

There was some conflict of testimony as to the grade of prunes ordered by defendants from plaintiff and the quality of those which were delivered, defendants claiming that they contained too much sugar, which rendered them unsalable. In substance, Mr. Abe V. Flink, the principal witness for the defendant co-partnership, through books, accounts and correspondence, showed that upon being informed that, because of the quality, the Great Atlantic & Pacific Tea Company refused to sell the prunes and insisted upon returning them, defendants immediately communicated with the plaintiff and, so far as appeared from the testimony, did all that they reasonably were called upon to do.

Such portion of the motion for a new trial as is based upon newly discovered evidence relates to the testimony of a witness named William P. Nolan, who testified that, about a year after the prunes had been returned from the Great Atlantic & Pacific Tea Company to the defendants and had remained in their store-house, under instructions from Mr. Flink, he ordered them taken to the dump and destroyed. He afterwards made an affidavit under date of December 9, 1929, in which he stated that he was in error when he testified that he was employed by defendants and ordered said prunes to be thrown out in March or April, 1925. There are further affidavits tending to show that while he was not employed full time in March or April, 1925, he was working part time; the witness Nolan making affidavit to that effect and the witness Flink filing a supporting affidavit.

The Court is of the opinion that the prunes were disposed of at about the time stated—whether by Nolan or someone else is immaterial. They were held for an entire year subject to the order of the plaintiff and had they not been disposed of at that time the prunes would still have been in the possession of the defendants, because plaintiff refused to receive the same and had no intention of so doing, and, further, ten boxes were immediately sent to the plaintiff that it might have an examination made. There was apparently, on the part of the defendants, no desire to escape payment of anything that was due or to sell the prunes which the Great Atlantic & Pacific Tea Company had returned. The correspondence and books of the defendants show a business-like course of dealing in relation to these articles and it seems to the Court that the only real question at issue between the parties is as to whether the defendants received such prunes as they were entitled to by virtue of the order which they gave, and whether the quality of said prunes was such that they were marketable. The refusal of a very substantial business concern to handle these prunes, their return to the defendants and the latter's course after receiving them back from the Great Atlantic & Pacific Tea Company were entirely open and, so far as appears, honest. Had the witness Nolan not been summoned and the defendant Flink testified that he had ordered the prunes destroyed and taken to the dump, it appears to the Court that no different question would have been presented to the jury. It is not a case in which there was any evidence of sharp dealing or desire to avoid the payment of a just debt. It presented squarely to the jury the ques-

tion of whether the defendants received goods of the kind which they had the right to expect and upon this issue, after considering all the evidence, the jury found for the defendants.

The verdict is not against the law, or the evidence, or the weight thereof. The newly discovered evidence is not such as, in the opinion of the Court, would cause any change of the verdict in another trial and is not of sufficient importance to warrant the setting aside of the verdict and the granting of a new trial.

Motion for new trial denied.

For plaintiff: Gardner Moss & Haslam.

For defendant: Philip C. Joslin.